Argued and submitted July 18, affirmed November 23, 1983

MOORE et ux,
*Plaintiffs,*
COLUMBIA RIVER BANKING COMPANY,
*Intervening Plaintiff - Appellant,*

*v.*

TAYLOR, dba Taylor's Mobile Homes,
*Respondent,*

(16575; A26471)
672 P2d 373

J. R. Perkins, III, The Dalles, argued the cause and filed the briefs for appellant.

M. D. Van Valkenburgh, The Dalles, argued the cause for respondent. With him on the brief was Van Valkenburgh, Coats & Kelly, The Dalles.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

PER CURIAM

## PER CURIAM

The Moores sued Taylor for negligently allowing destruction of a mobile home that they had purchased from him. Columbia River Banking Corporation (CRBC) was the holder of a promissory note made by the Moores and secured by a security agreement on the mobile home. It obtained a judgment against the Moores on the note. The Moores filed bankruptcy, and their debt to CRBC was discharged in the bankruptcy. CRBC was allowed to intervene in the Moores' suit by stipulation of the parties.

Defendant Taylor then moved to dismiss CRBC's complaint in intervention for failure to state a claim. The trial court dismissed CRBC's claim on the ground that it was not the real party in interest. Although under *Commercial Securities, Inc., v. Mast,* 145 Or 394, 28 P2d 635 (1934), CRBC *could* have pleaded a claim against Taylor for destruction of the collateral, it did not. Instead, it attempted to plead an action on a note evidencing a debt that had been discharged. There is no such cause of action, and the trial court should have dismissed for failure to state a claim. The trial court reached the right result.

Affirmed.